UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-21802-FAM

PABLO MICHEL RAMIREZ GONZALEZ
and all others similarly situated under 29
U.S.C. 216(b),

        Plaintiffs,
-vs-

HOME NURSE CORP. d/b/a THE PALACE
AT HOME,
JACOB SHAHAM,
HELEN SHAHAM,

        Defendants.
_____/

## **DEFENDANT, HOME NURSE CORP.'S, MOTION FOR SUMMARY JUDGMENT**

**COMES NOW**, Plaintiff, Home Nurse Corp., ("*The Palace at Home*") and hereby moves for the entry of a summary judgment as there are no material facts in dispute, and states as follows:[1]

Plaintiff, Pablo Ramirez, is a licensed Home Health Aide ("HHA") for the Palace at Home. The Palace at Home is a home health agency that refers home health aides, private duty aides, nurses and therapists to patients at their homes, hospitals and facilities.

Plaintiff filed this action on May 16, 2017 for the alleged non-payment of overtime hours under the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) ["FLSA"], wherein he mistakenly alleged that he was paid an average rate of $9.05, per hour, and not paid for any overtime worked in excess of forty hours per week during the period of January 1, 2015 and March 1, 2015. (See Complaint DE 1 at ¶20). He likewise mistakenly claimed that during the period of March 2, 2015

---

[1] All references to the Statement of Material Fact are listed as "DE 31 at ¶___")

through February 17th, 2017, he was paid an average of $9.16, per hour, and not paid for any overtime hours worked over forty hours per week. (See Complaint DE 1 at ¶21).[2]

In deposition, the Plaintiff was presented with an Agreement (*Rate Agreement*) he entered into with the Palace at Home prior to the start of any service.[3] Contrary to the allegations in the complaint, the Rate Agreement set forth that the Plaintiff would be paid for forty hours of service at the Florida minimum hourly rate and would also be paid for an additional thirty seven hours of overtime, per workweek, (*for a seventy seven hour workweek*) at the appropriate and lawful overtime hourly rate of one and one half times the Florida minimum wage. This Agreement was amended each year (2015, 2016 and 2017) to account for increases in the Florida minimum wage and raising the overtime compensation rate, prior to the effective date of any such chance. When confronted with this, the Plaintiff admitted that his original belief was mistaken. The Plaintiff then self-servingly changed his tune by alleging that he had never seen the amendments to the Rate Agreement, though admitting that his pay did increase but he did not know why.

For the reasons stated below, there is no record evidence to substantiate the allegations made in the operative paragraphs 20 and 21 of the Plaintiff's Complaint, nor is there any record evidence to create a material issue of fact that the Plaintiff was in fact not paid for the overtime hours worked at the appropriate and lawful rate.[4]

---

[2] This Motion intentionally excludes Mr. and Mrs. Shaham, as they were both dismissed from this civil action by way of DE 21.
[3] See Depo Ramirez, P. 77, L. 13-18;
[4] For this case, the relevant time period refers to January 1, 2015 through the date the complaint (DE-1) as the provision of companionship services to the elderly or infirm had been traditionally exempt from the minimum wage and overtime provisions of the FLSA until the U.S. Department of Labor issued a new rule [29 C.F.R. § 552.109(a) (2015)]. Despite a split within the District Courts, at least one District Court in Florida has determined that this new rule took effect on January 1, 2015. See Guerrero v. Moral Home Servs., Inc., No. 16-23051-CIV, 2017 WL 1155885, (S.D. Fla. Mar. 27, 2017)

A. <u>Summary Judgment Standard</u>

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must point out to the Court that "there is an absence of evidence to support the non-moving party's case." <u>Id</u>. at 325. After the movant has met its burden under Rule 56(a), the burden of production shifts and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 475 U.S. 574, 586 (1986). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." <u>Kesinger ex rel. Estate of Kesinger v. Herrington</u>, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson, 477 U.S. at 242). According to the plain language of Federal Rule of Civil Procedure 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). At the summary judgment stage, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. The Court must then decide whether "the evidence presents a sufficient

3

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting *Anderson*, 477 U.S. at 251-52)). Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

    B.  Relevant Undisputed Facts:

As indicated in Defendant's Statement of Undisputed Material Facts (DE 31). Aides are compensated by the Defendant at the minimum wage, plus overtime pay for any time over 40 hours, per week, at a rate of one and one half times the minimum hourly rate. This was the method of pay for over, at least, the last four years. (DE 31 at ¶30). Payments are made

When Mr. Ramirez registered with The Palace at Home he signed a "Rates Agreement" Form [Bates HNC000029] on September 12, 2014. He admits to having read it, understood it and signed the form. The Rates Agreement form had three categories, one for compensation (hourly) [*for less than 12 hours*], another for a 12 hour shifts, and a third for 24 hour shifts [*which was by then no longer in use*]. The form was explained to each Aide by the Defendant's Human Resources staff at the time they first registered with the Defendant. The Plaintiff himself confirmed that he did not ask any questions about the Rates Agreement form, nor did he ask for advice or counseling about its contents. (DE 31 at ¶29)

This Rate Agreement specified the then minimum wage rate, the overtime wage rate at one and one half times the minimum wage, and also tabulated the corresponding shift pay for informational purposes. The plaintiff was paid according to the hours he listed on the Daily

4

Activity Logs he submitted. (DE 31 at ¶31)[5] He was likewise well aware that the entries had to be accurately reported.

The Rates Agreement form [Bates HNC000029] stated that Aides were to be paid as follows:

> (a) For Hourly Shifts – hours in excess of 40 hours at $11.90, per hour;
>
> (b) For 12 Hour Shifts – 40 hours at $7.93 and 37 hours at $11.90 for a total of $757.50 (*with a corresponding shift rate of $108.50*);[6] and
>
> (c) For 24 Hour Shifts - 40 hours at $7.93 and 65 hours at $11.90 for a total of $1,090.701 (*with a corresponding shift rate of $156.00)*.[7] (DE 31 at ¶32)

Plaintiff agreed to the rates and admitted that he was compensated at the foregoing rates. (DE 31 at ¶33). The Plaintiff would schedule his own meal breaks and also provide time for himself to make calls, go to the bathroom and perform his own affairs, and certifying that he had in fact taken sixty minutes of break time. There was no deduction for the sixty minutes of break time was taken if the Aide worked less than a 12 hour shift. (DE 31 at ¶34)

After being confronted with this document, the Plaintiff was unable to state that that there was any error in his pay while HNC 000029 was in effect. (See Depo Ramirez P. 48, L. 11-18).

The Palace at Home issued and distributed a new (2015) Rates Agreement form [Bates HNC000030], due to the upcoming raise in the minimum wage, which provided that that Aides be paid at the following rates, after January 1, 2015: (DE 31 at ¶35).

> (a) For Hourly Shifts – hours in excess of 40 hours at $12.08, per hour;
>
> (b) For 12 Hour Shifts – 40 hours at $8.05 and 37 hours at $12.08 for a total of $768.96 (*with a corresponding shift rate of $109.85*);[8] and

---

[5] The Rates Agreements (HNC 000029-32) are all part of the deposition transcript of the Plaintiff and are also attached hereto for reference.
[6] Each 12 hour shift has a total of 60 minutes of break time.
[7] Each 24 hour shift has a total of 60 minutes of break time and 8 hours of sleep time.
[8] Each 12 hour shift has a total of 60 minutes of break time.

>  (c) For 24 Hour Shifts - 40 hours at $8.05 and 65 hours at $12.08 for a total of $1,107.20 (*with a corresponding shift rate of $158.17*).[9]

Just as previous, after being confronted with this document, the Plaintiff was unable to state that there was any error in his pay while HNC 000030 was in effect. (See Depo Ramirez P. 50, L.25 thru P. 51, L. 4.

For 2016, the Palace at Home issued and distributed a new Rates Agreement form [Bates HNC000031]. The pay rates remained the same as prior because there was no change in the Florida minimum wage for 2016. (DE 31 at ¶38)

For 2017, the Palace at Home again issued and distributed a new Rates Agreement form [Bates HNC000032], which was provided to the Aides and would be effective after January 1, 2017: (DE 31 at ¶37, 39)

> (a) For Hourly Shifts – hours in excess of 40 hours at $12.15, per hour;
>
> (b) For 12 Hour Shifts – 40 hours at $8.10 and 37 hours at $12.15 for a total of $773.55 (*with a corresponding shift rate of $110.51*);[10] and
>
> (c) For 24 Hour Shifts - 40 hours at $8.10 and 65 hours at $12.15 for a total of $1,113.75 (*with a corresponding shift rate of $159.11*).[11]

The Plaintiff admitted to receiving mailings from the Palace at Home with his pay records, 1099 forms, but recalls nothing else. (DE 31 at ¶37). In fact, Plaintiff self-servingly denies receiving the Addendums to the Rate Agreement for 2015, 2016, and 2017; however, admits that his wage rate increased for each corresponding year but did not know why. (DE 31 at ¶41)

---

[9] Each 24 hour shift has a total of 60 minutes of break time and 8 hours of sleep time.
[10] Each 12 hour shift has a total of 60 minutes of break time.
[11] Each 24 hour shift has a total of 60 minutes of break time and 8 hours of sleep time.

Plaintiff also confirmed that the start and stop times listed on the Daily Task Sheets [Bates 000065-000199], referencing the times he arrived for work and then left at the end of the day, are correct. (DE 31 at ¶42).

### ISSUE I – NO RECORD EVIDENCE OF NON-PAYMENT OF OVERTIME

The FLSA requires employers to pay overtime. *See* 29 U.S.C. § 207(a)(1). "An unpaid-overtime claim has two elements: (1) an employee worked unpaid overtime, and (2) the employer knew or should have known of the overtime work." Bailey v. TitleMax of Ga., Inc., 776 F.3d 797, 801 (11th Cir.2015).

The Plaintiff carries the initial burden when he produces sufficient evidence to show the amount and extent of that work, as a basis for any just and reasonable inference. However, in the instant case, there is no record evidence that the Plaintiff was not paid for the overtime worked, nor that he worked any overtime beyond those reflected in the Daily Activity Sheets - which time entries have been already confirmed by the Plaintiff as correct.

Under the Fair Labor Standards Act, the "*regular rate*" of pay may be more than the minimum wage, but it cannot be less. (29 C.F.R. §778.108). The U.S. Supreme Court has defined the regular rate as "…the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed." See Walling v. Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 424, 65 S. Ct. 1242, 1245, 89 L. Ed. 1705 (1945).

The Act also allows employers and employees to agree to certain basic wage rates and thereby to set a basic rate on which overtime will be calculated (29 U.S.C. §207(g)(3); 29 C.F.R. §548.1 et seq.). In this case, Mr. Ramirez's basic rate of pay was always set at the (Florida) minimum wage with all overtime hours being compensated at one and one-half times the regular

7

rate, as set forth above. Pursuant to 29 C.F.R. 548.2, the requirements of Section 7 of the Act are complied with if:

> (a) Overtime compensation computed in accordance with this part and section 7(g)(3) of the Act is paid pursuant to an **agreement or understanding** arrived at between the employer and the employee or as a result of collective bargaining **before** performance of the work;
>
> (b) A rate is established by such **agreement or understanding** as the basic rate to be used in computing overtime compensation thereunder;
>
> (c) The established basic rate is a specified rate or a rate which can be derived from the application of a specified method of calculation;
>
> (d) The established basic rate is a bona fide rate and is not less than the minimum hourly rate required by applicable law;
>
> (e) The basic rate so established is authorized by § 548.3 or is authorized by the Administrator under § 548.4 as being substantially equivalent to the average hourly earnings of the employee, exclusive of overtime premiums, in the particular work over a representative period of time;
>
> (f) Overtime hours are compensated at a rate of not less than one and one-half times such established basic rate;
>
> (g) The hours for which the employee is paid not less than one and one-half times such established basic rate qualify as overtime hours under section 7(e)(5), (6), or (7) of the Act;
>
> (h) The number of hours for which the employee is paid not less than one and one-half times such established basic rate equals or exceeds the number of hours worked by him in any workweek in excess of the maximum workweek applicable to such employees under subsection 7(a) of the Act;
>
> (i) The employee's average hourly earnings for the workweek exclusive of payments described in paragraphs (1) through (7) of section 7(e) of the Act are not less than the minimum hourly rate required by this Act or other applicable law;
>
> (j) Extra overtime compensation is properly computed and paid on other forms of additional pay which have not been considered in arriving at the basic rate but which are required to be included in computing the regular rate. (*Emphasis ours*)

With regard to subsection (a), the record evidence demonstrates that the Plaintiff entered into an *agreement* that set forth the entitlement to overtime and set forth the payment of overtime at a rate equal to one and one half times the regular rate (*minimum wage*). This initial Agreement

was entered into at the time Mr. Ramirez registered with The Palace at Home (09/12/2014) and prior to performing any services. Each amendment to the Rate Agreements was prior to the effective date of the statutory rise in the minimum wage rate that likewise increased the corresponding overtime rate, by operation of law.

Subsections (b), (c), and (d) were also met as the initial 2014 Agreement stated: "*I do hereby understand that the agreed hourly rate for my assigned job is $7.93 per hour*." The 2015 and 2016 amendments stated: "*New agreed hourly rate for assigned job is $8.05, per hour*," and the 2017 amendment states: "*New agreed hourly rate for assigned job is $8.10, per hour*." All three subsections are met as the applicable rates are spelled out and equivalent to the then and now Florida minimum wage rates. It must be noted that between 2014 and 2017, the Florida minimum wage rates were above the federal minimum wage rate of $7.25, per hour.[12]

As to subsection (e), the rates established by the Agreement and State law, are broken down by workweek and therefore, comply with 29 C.F.R. §548.3(c).[13] Subsections (f) and (g) are also met as the Agreements specifically identify the rate at which overtime hours are compensated, i.e., which figure is one and one half times the Florida minimum hourly rate – the basic rate; and further specifically identifies that any hours over 40 hours, per work week, will be paid at the then applicable (1.5x) overtime rates of $11.90, $12.08, or $12.15, as amended by the Defendant and according to statute. Lastly, as to subsection (h) and (g), the Plaintiff was paid at the appropriate minimum wage and overtime wage for all hours worked, and not below the statutory rates.

---

[12] See Florida Minimum Wage History by the Florida Department of Economic Opportunity: Florida Hourly Minimum Wage Rate effective 1/1/14 was $7.93; Florida Hourly Minimum Wage Rate effective 1/1/15 and 1/1/16 was $8.05; Florida Hourly Minimum Wage Rate effective 1/1/2017 is $8.10. (http://www.floridajobs.org/docs/default-source/2017-minimum-wage/florida-minimum-wage-history-2000-2017.pdf?sfvrsn=2)

[13] "What is therefore required by § 548.2(e) is that the basic rate used be either one permitted under § 548.3 or one specially authorized by the Administrator of the Wage and Hour Division of the Department of Labor pursuant to 29 C.F.R. § 548.4. See Firestone v. S. California Gas Co., 219 F.3d 1063, 1068 (9th Cir. 2000)

9

In the instant case, the Plaintiff has testified that the number of hours worked reflected in his Daily Activity Sheets [HNC 000065-000199] are correct. (See DE 31 at ¶42). Therefore, mathematically, unless the Plaintiff is able to point to any record evidence that he worked in excess of that shown in the Daily Activity Sheets, the "*regular rate of pay*" cannot be less than the Florida minimum wage, nor can it be less than the lawful overtime rate.  Meaning, the rates are already based on 40 hours at the minimum rate and 37 hours of overtime at a rate of one and one half times the minimum wage.

The complaint alleges that the Plaintiff "*was never paid the extra half time rate for any hours worked over 40 hours in a work week*…." See Complaint [DE-1] at ¶20 and 21.  The record evidence and the plaintiff's own admissions wholly contradict and disprove these allegations.

It is respectfully submitted that an unsupported belief of a violation of the FLSA, as pled in the Complaint, is insufficient to survive a motion for summary judgment when the literal allegations made by the Plaintiff are denied, recanted and opposed in the record. As stated in Wayne v. Tennessee Valley Auth., 730 F.2d 392, 396 (5th Cir. 1984), "A party may not prevail on the bare allegations of his complaint when there is a properly supported summary judgment motion made against him." (citing *First National Bank v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).[14]

---

[14] "However, neither "the mere existence of *some* alleged factual dispute between the parties," *Anderson,* 477 U.S. at 247, 106 S.Ct. 2505, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), will defeat a motion for summary judgment." See Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 692 (7th Cir. 2000).

CONCLUSION

For the foregoing reasons, it is respectfully requested that Defendant's motion for summary judgment be granted.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 3rd day of November 2017, I certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

    Respectfully submitted,

    MILLER, KAGAN, RODRIGUEZ & SILVER, PL
    Attorneys for Defendant, Home Nurse Corp. d/b/a
    The Palace at Home
    201 Alhambra Circle, Suite 802
    Coral Gables, FL 33134
    Tel.   (305) 446-5228
    Fax   (305) 446-7110
    Email: sergioc@mkrs.com
           daiyeta@mkrs.com

    By: */s/ Sergio R. Casiano, Jr.,*
        Sergio R. Casiano Jr.,
        Fla. Bar No.: 457302

**SERVICE LIST**

J.H. Zidell, Esq.                                    *(Plaintiffs' counsel)*
Bruno A. Garofalo, Esq.
K. David Kelly, Esq.
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Tel.   (305) 865-6766
zabogado@aol.com
bruno.garofalo.esq@gmail.com
david.kelly38@rocketmail.com